1  Gary A. Wolensky (#154041)
   gwolensky@hewittwolensky.com
2  Janet L. Hickson (#198849)
   jhickson@hewittwolensky.com
3  Patrick R. Ball (#249844)
   pball@hewittwolensky.com
4  HEWITT WOLENSKY LLP
   4041 MacArthur Blvd., Suite 300
5  Newport Beach, CA 92660
   Telephone: (949) 783-5050
6  Facsimile: (949) 783-5051

7  Attorneys for Defendants
   Walt Disney Parks and Resorts U.S., Inc.;
8  The Walt Disney Company; and Walt Disney
   Imagineering Research & Development, Inc.

9



FILED
CLERK, U.S. DISTRICT COURT

MAY 1 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  STEVEN WILSON and CHRISTINA       CASE No. CV13-03388-JAK (SHx)
    WILSON
14                                    (ORIGINALLY FILED IN LOS ANGELES
                     Plaintiff,       SUPERIOR COURT, CASE No. BC503192)
15
    vs.                               NOTICE OF REMOVAL OF CIVIL
16                                    ACTION TO FEDERAL COURT
    THE WALT DISNEY COMPANY,          UNDER 28 U.S.C. § 1441(b)
17  A CORPORATION; WALT               (DIVERSITY JURISDICTION)
    DISNEY IMAGINEERING
18  RESEARCH & DEVELOPMENT,           DATE:
    INC.; WALT DISNEY PARKS           TIME:
19  AND RESORTS U.S., INC.;           CTRM:
    DISNEY ENTERPRISES, INC.;         JUDGE:
20  DOE 1, DOE 2, DOE 3, DOE 4,       MAGISTRATE:
    DOE 5, DOE 6 and DOES 7 through
21  50,                               DATE OF FILING: MARCH 18, 2013
                                      TRIAL DATE:     N/A
22                   Defendant(s).

23

24      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25      PLEASE TAKE NOTICE that Defendant Walt Disney Parks and Resorts

26  U.S., Inc., removes to this Court the state action described below based on the facts

27  and evidence described herein.

28  ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

- 1 -                    NOTICE OF REMOVAL OF CIVIL
                         ACTION TO FEDERAL COURT

**Background and Basis for Removal**

1.      On March 18, 2013, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Steven Wilson and Christina Wilson vs. The Walt Disney Company, A Corporation; Walt Disney Imagineering Research & Development, Inc.; Walt Disney Parks And Resorts U.S., Inc.; Disney Enterprises, Inc.; DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, DOE 6 and DOES 7 through 50*, case number BC503192 ("this Action").

2.      Plaintiffs Steven Wilson and Christina Wilson (collectively "Plaintiffs") claim that Steven Wilson rode the Splash Mountain Attraction (the "Attraction") at Disneyland Resort in Anaheim, California ("the Resort") on March 24, 2010 and that he fell and sustained injuries during the ride ("Incident").

3.      Plaintiffs subsequently filed this lawsuit, alleging five causes of action for: (a) Negligence; (b) Product Negligence; (c) Strict Products Liability; (d) Loss of Consortium; and (e) Negligent Infliction of Emotional Distress.

4.      Plaintiffs named the following four distinct entities as defendants:

(a) Walt Disney Parks and Resorts U.S., Inc. ("WDPR");

(b) The Walt Disney Company ("TWDC");

(c) Walt Disney Imagineering Research & Development, Inc. ("R&D"); and

(d) Disney Enterprises, Inc. ("DEI").[1]

These four entities are collectively referred to as "Defendants."  A true and correct copy of the Summons and Complaint is attached as Exhibit A.

5.      On April 10, 2013, WDPR, TWDC, and R&D executed Acknowledgments of Receipt of the Summons, Complaint, Civil Case Cover Sheet, Addendum, Statement of Location, Notice of Related Case[2], General Orders, and

---

[1]     Notably, Plaintiffs did not serve DEI.

[2]     Plaintiffs initially filed a lawsuit in 2012 and subsequently dismissed it, with an agreement between the parties to toll the statute of limitation deadline pending settlement discussions.  Therefore, the timeliness of Plaintiffs' Complaint is not disputed.

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1    Voluntary Efficient Litigation Stipulations, copies of which are attached as Exhibits

2    B-D.

3         6.    This action is a civil action over which this Court has original

4    jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court

5    by WDPR pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil

6    action between citizens of different states, and the matter in controversy exceeds the

7    sum of $75,000, exclusive of interest and costs.

8    **Amount in Controversy**

9         7.    Specifically, as a result of the Incident, Plaintiffs seek general and

10   special damages, including but not limited to medical expenses, wage loss, loss of

11   earning capacity, loss of consortium and emotional distress. *See*, Exhibit A, pages

12   6-11. Steven Wilson's bills for medical care allegedly necessitated by the incident

13   total approximately $148,898.14. Consequently, the amount in controversy in this

14   matter exceeds $75,000. *See*, concurrently filed Declaration of Janet Hickson

15   ("Hickson Decl.") and exhibits thereto.

16   **Diversity**

17        8.    WDPR is informed and believes that Plaintiffs Steven Wilson and

18   Christina Wilson were, and still are, citizens of the State of California. *See,*

19   Hickson Decl. and exhibits thereto.

20        9.    Further, though Plaintiffs named four distinct entities as defendants,

21   the only proper defendant to be considered for diversity purposes is WDPR, which

22   was, at the time of the filing of this Action, and still is, incorporated under the laws

23   of the State of Florida and has its principal place of business in the State of Florida.

24   *See*, concurrently filed Declaration of Marsha Reed ("Reed Decl."), at ¶ 3, and

25   exhibits thereto.

26        10.   While Plaintiffs claim at paragraph 5 of the Complaint that WDPR is a

27   resident of Los Angeles County, this claim is not true. In fact, Plaintiffs' counsel

28   has been repeatedly advised of WDPR's corporate information and residence in

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

prior litigation, but nevertheless misrepresented WDPR's residence here. *See*, Reed Decl. at ¶ 4, and exhibits thereto.

11.    WDPR is the only defendant to be considered for diversity purposes, because it is the sole defendant from which Plaintiffs could potentially recover. Specifically, Plaintiffs' first cause of action for Negligence is against WDPR and "any other defendant who owned or operated the Splash Mountain Attraction." *See,* Exhibit A, at p. 2.   WDPR is the only defendant that owned and operated the Attraction at any time relevant to this Action, including on March 24, 2010. *See,* Reed Decl. at ¶ 8; concurrently filed Declaration of Benedict R. Schwegler ("Schwegler Decl."), at ¶ 7; concurrently filed Declaration of Jeffrey H. Smith ("Smith Decl."), at ¶ 5; and concurrently filed Declaration of Jacob M. Yellin ("Yellin Decl."), at ¶ 4.

12.    Further, the second and third causes of action for Product Negligence and Strict Products Liability are against WDPR ("as successor of Walt Disney Imagineering, Inc."), TWDC, and R&D, and the fourth and fifth causes of action for Loss of Consortium; and Negligent Infliction of Emotional Distress are against all Defendants.[3]   At all times relevant to this Action, including on March 24, 2010, WDPR owned, operated, managed, maintained and controlled the Resort, including its attractions.   In addition, WDPR, including its predecessors, was responsible for the design and construction of the Attraction.   Thus, WDPR is the only properly named entity in the Complaint. *See,* Reed Decl. at ¶¶ 5-9.

13.    While WDPR is properly named, however, the remaining defendants are not, and the citizenship of those defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that Plaintiffs will be able to establish liability

---

[3]    Though the fourth and fifth causes of action for Loss of Consortium and Negligent Infliction of Emotional Distress, respectively, are against all Defendants, they include no facts specific to any defendant at all, other than incorporating paragraphs 1 through 31 of the first, second and third causes of action.   Further, there are no facts ever specifically alleged against DEI in the Complaint at all.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 183-5050

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

against them.

          a.      First, Plaintiffs will not be able to establish liability against TWDC because TWDC did not design, develop, manufacture, distribute, construct, test, or maintain the Attraction, which was created before TWDC was formed. Further, TWDC has never owned, operated, leased, managed or maintained the Resort or its attractions, including the Splash Mountain Attraction, nor has it assumed liability for any entity that owned, operated, leased, managed, maintained or controlled the Resort or its attractions, including the Splash Mountain Attraction. TWDC also does not have any predecessors. *See*, Smith Decl., at ¶¶ 3, 5-6; Reed Decl. at ¶ 10.

          To the contrary, TWDC, whose connection to this case is simply that it is WDPR's ultimate parent company, functions primarily as a holding company, and its business consists primarily of the ownership of stock in a variety of corporations that operate in, among others, the fields of entertainment, recreation, and consumer products. *See*, Smith Decl. at ¶¶ 4, 7; Yellin Decl. at ¶ 5.

          b.      Second, Plaintiffs will also not be able to establish liability against R&D because R&D did not design, develop, manufacture, distribute, construct, test, or maintain the Attraction, which was created before R&D was formed. Further, R&D has never owned, operated, leased, managed or maintained the Resort or its attractions, nor has it assumed liability for any entity that owned, operated, leased, managed, maintained or controlled the Resort or its attractions, including the Splash Mountain Attraction. *See*, Schwegler Decl. at ¶¶ 7; Reed Decl. at ¶ 10.

          To the contrary, R&D is a subsidiary of WDPR, and its business purpose is designing innovative attractions technology to support various entertainment venues. R&D also does not have any predecessors. *See*, Schwegler Decl. at ¶¶ 3, 5-6.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

c. Third, to the extent Plaintiffs allege the first, fourth and/or fifth causes of action for Negligence, Loss of Consortium, and Negligent Infliction of Emotional Distress against DEI, they did not actually state any allegations against this entity.  Plaintiffs also never served DEI with the Summons and Complaint. Nevertheless, the citizenship of  DEI, should also be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that Plaintiffs will be able to establish liability against that entity.

Specifically, DEI does not own or operate the Resort or its attractions, including the Splash Mountain Attraction, did not own or operate the Resort or its attractions, including the Splash Mountain Attraction on March 24, 2010, and did not develop, design or create the Attraction. *See*, Yellin Decl. at ¶ 4.

14. In short, Plaintiffs misrepresented the residence of WDPR, and improperly named TWDC, R&D and DEI, which are sham defendants, since there is no possibility that Plaintiffs could recover against them.

15. Because Plaintiffs and WDPR are citizens of different States, there is diversity of citizenship in this action, and it is properly removed.

Dated: May 6 , 2013

HEWITT WOLENSKY LLP

By: _____

Gary A. Wolensky
Janet L. Hickson
Patrick R. Ball
Attorneys for Defendants
Walt Disney Park and Resorts U.S.,
Inc.; The Walt Disney Company; and
Walt Disney Imagineering Research &
Development, Inc.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

EXHIBIT A

*The Law Offices of*

*(SPACE BELOW FOR FILING STAMP ONLY)*

1  **BARRY NOVACK**
   **8383 WILSHIRE BLVD. SUITE 830**
2  BEVERLY HILLS, CALIFORNIA 90211-2407
   (323) 852-1030   (323) 852-9855 FAX
3  STATE BAR NO. 57911

4  and

5  **STEVEN M. BERNSTEIN, ESQ.**
   LAW OFFICES OF STEVEN M. BERNSTEIN, APC
6  **38 CORPORATE PARK**
   IRVINE, CA 92606
7  (949) 250-1110
   (949) 250-1104 FAX
8  STATE BAR NO. 179914

9  ATTORNEYS FOR PLAINTIFFS

10

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 18 2013

JOHN A. CLARKE, CLERK
BY AMBER HAYES, DEPUTY

D/B Seimantha Jesener

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **FOR THE COUNTY OF LOS ANGELES**

13  STEVEN WILSON and CHRISTINA          CASE NO.        **BC503192**
    WILSON,
14
                                        **COMPLAINT FOR DAMAGES FOR**
15          Plaintiffs,                 **PERSONAL INJURIES**

16              vs.

17  THE WALT DISNEY COMPANY, A           FSC: 9/4/2014
    CORPORATION; WALT DISNEY
18  IMAGINEERING RESEARCH &              Trial: 9/18/2014
    DEVELOPMENT, INC.; WALT DISNEY
19  PARKS AND RESORTS U.S., INC.;        OSC: 3/18/2014
    DISNEY ENTERPRISES, INC.; DOE 1,
20  DOE 2, DOE 3, DOE 4, DOE 5, DOE 6
    and DOES 7 through 50,
21
            Defendants.
22

23

24                      THE LAW OFFICES OF BARRY NOVACK

25

26

27  DATED: March 18, 2013         By: _____
                                        BARRY NOVACK
28                                      Attorneys for Plaintiffs

                                1

          COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

**PLAINTIFF STEVEN WILSON ALLEGES FIRST CAUSE OF ACTION AGAINST DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC. AND ANY OTHER DEFENDANT WHO OWNED AND/OR OPERATED THE SPLASH MOUNTAIN ATTRACTION AT DISNEYLAND, FOR NEGLIGENCE:**

1

The full extent of the facts linking the fictitiously designated defendants with this cause of action is unknown to plaintiff, or the true names or capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of defendants DOES 1 through 50 are unknown to plaintiff. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed, believes and alleges that each of the defendants designated herein as a DOE is negligently, wantonly, recklessly, tortiously and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously and unlawfully proximately caused injury and damages to plaintiffs as herein alleged. Plaintiff will hereafter ask leave of Court to amend this Complaint to show said defendants' true names and capacities after the same have been ascertained.

2

At all times herein mentioned each defendant was the actual or ostensible agent of each and all of the other defendants and was acting within the course and scope of said agency.

3

Defendants, THE WALT DISNEY COMPANY, A CORPORATION, and DISNEY ENTERPRISES, INC. have their principal place of business and reside in Los Angeles County.

4

Defendant, WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC. has its principal place of business in Los Angeles County.

5

Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC., (which was called Walt Disney World Co. until March 29, 2009) has its place of business and resides in Los Angeles County.

2

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

6

At all times herein mentioned ALL DEFENDANTS were corporations having business within California.

7

At the time and place of the events hereinafter mentioned, the Defendants and each of them were engaged in a joint venture and common enterprise and acting within the scope of, and in pursuance of the joint venture and common enterprise. Walt Disney Imagineering was involved in the design and construction of the Splash Mountain Attraction. Defendant The Walt Disney Company, the parent corporation of all the other Disney defendants, played a significant role in the conceptualization, design, and development of the Splash Mountain Attraction. Michael Eisner, the CEO of defendant The Walt Disney Company, reviewed and approved the design concepts for the attraction not only with Walt Disney Imagineering employees but also with representatives of non-Disney consulting firms hired to assist in the development of the Splash Mountain Attraction. The Walt Disney Company, with the approval of CEO Michael Eisner, provided to Walt Disney Imagineering the $77 million in funding for the design, development and construction of the Splash Mountain Attraction. Defendant The Walt Disney Company owned 100% of the stock of Walt Disney Imagineering at the time defendant Walt Disney Imagineering participated in the design and development of the Splash Mountain Attraction. Defendant The Walt Disney Company received a direct financial benefit and continues to receive financial gains from its activities in connection with the Splash Mountain Attraction. The role of The Walt Disney Company was integral to the business enterprise such that defendant The Walt Disney Company's conduct was a necessary factor in bringing the Splash Mountain Attraction to the consumer market. Defendant The Walt Disney Company had control over, or a substantial ability to influence, the design, manufacturing and/or distribution process for the Splash Mountain Attraction. Defendant The Walt Disney Company and/or Walt Disney Imagineering transferred the Splash Mountain Attraction to Walt Disney World Co., and the other defendants who own and operate Disneyland. Walt Disney Imagineering was then merged into Walt Disney World Co., now known as Walt Disney Parks and Resorts U.S., Inc.

3

8

The events giving rise to this cause of action occurred on or about March 24, 2010, when plaintiff was a passenger on the Splash Mountain Attraction at Disneyland Park, in Anaheim, CA. Plaintiffs thereafter filed a lawsuit which by agreement was dismissed without prejudice, with the parties stipulating that it may be re-filed by March 31, 2013.

9

THIS PROPERTY refers to the Disneyland Park where this incident occurred and, particularly, the Splash Mountain Attraction.

10

At all times herein mentioned, defendants, and each of them, were owners and operators of THIS PROPERTY.

11

At all times herein mentioned, defendants, and each of them, were the Lessors of THIS PROPERTY.

12

At all times herein mentioned, defendants, and each of them, were the Managers and Maintainers of THIS PROPERTY.

13

At all times herein mentioned, the persons acting as Managers and Maintainers of THIS PROPERTY were doing so with the knowledge, permission, and consent of ALL DEFENDANTS.

14

At all times herein mentioned, the persons acting as Managers, Maintainers, and Lessors of THIS PROPERTY were the agent, servant, and employee of and acting within the course and scope of said agency and employed by ALL DEFENDANTS.

15

At said time and place the defendants, and each of them, proximately caused injuries and damages to said plaintiff by negligently, wantonly, recklessly, tortiously and unlawfully

    A.    Entrusting, permitting, managing, maintaining, servicing, repairing, inspecting,

4

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

testing, controlling and operating <u>THIS PROPERTY</u>; and

B.    Designing, constructing and owning THIS PROPERTY; and

C.    Instructing others regarding THIS PROPERTY and its use, maintenance, care and operation; and

D.    Failing to warn, instruct, advise, protect and guard users regarding THIS PROPERTY; and

E.    Conducting themselves with reference to this property and to plaintiff,

so as to cause THIS PROPERTY to be in a dangerous, defective, hazardous and unsafe condition and a concealed trap and to proximately cause injury to plaintiff as a result his riding on the Splash Mountain Attraction at Disneyland (herein after referred to as "THIS ATTRACTION").

16

At all times herein mentioned, defendants, and each of them, operated THIS ATTRACTION on the premises of defendants' amusement park. The ride was provided by the defendants for the transport, use, and enjoyment of their guests and patrons.

17

At all times herein mentioned, plaintiff Steven Wilson, was a paying customer, business invitee, and patron of defendants' theme park and was a passenger on THIS ATTRACTION operated by the defendants when he was injured.

18

At all times herein mentioned, defendants owed said plaintiff the duty of utmost care and diligence.

19

At said time and place, defendants proximately caused damages, losses, and harm to said plaintiff by breaching the highest duty of care they owed toward plaintiff, so as to cause plaintiff to suffer injuries and damages.

20

At all times herein mentioned, defendants, and each of them, as operator of an amusement ride vehicle provided for the transport, use, and enjoyment of their paying customers, business invitees,

5

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

and patrons, were required to provide a vehicle safe and fit for transportation and are not excused for default in this regard by any degree of care.

21

At all times herein mentioned, defendants, and each of them, were strictly liable to plaintiff for any damages, losses, and harm proximately resulting from their failure to provide a safe and fit vehicle.

22

At said time and place, defendants proximately caused damages, losses, and harm to plaintiff by failing to provide a safe and fit vehicle, so as to cause plaintiff to suffer injuries and damages.

23

As a proximate result thereof this plaintiff sustained permanent bodily injuries, and has had, and in the future will have, <u>pain</u>, suffering, worry and anxiety, all to plaintiff's general damages in an amount within the jurisdiction of the Court, and according to proof.

24

As a proximate result thereof this plaintiff incurred, and in the future will incur, <u>medical</u> and related expenses all to plaintiff's damage in such amount as will be proven at trial.

25

As a proximate result thereof this plaintiff has lost, and in the future will lose, the ability to do plaintiff's usual work and has, and will have, lost <u>earning</u> capacity all to plaintiff's damage in such amount as will be proven at trial.

26

As a proximate result thereof plaintiff has lost the use of and <u>interest</u> on the money owed to plaintiff as permitted by law:

        A.     On the general damages.

        B.     On the medical expenses incurred to judgment.

        C.     On the loss of earnings to judgment.

6

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

1    **PLAINTIFF STEVEN WILSON ALLEGES SECOND CAUSE OF ACTION AGAINST**

2    **DEFENDANTS THE WALT DISNEY COMPANY, A CORPORATION, WALT DISNEY**

3    **IMAGINEERING RESEARCH & DEVELOPMENT, INC., WALT DISNEY PARKS AND**

4    **RESORTS U.S. INC., (AS THE SUCCESSOR OF WALT DISNEY IMAGINEERING, INC.)**

5    **AND DOES 1 THROUGH 10 FOR PRODUCT NEGLIGENCE:**

6                                              27

7    Plaintiff refers to and incorporates be reference paragraphs 1 through 8 and 23 through 26 as if fully

8    set forth herein.

9                                              28

10   THIS PRODUCT refers to the Splash Mountain Attraction at Disneyland, and its component parts.

11                                             29

12   At said time and place the defendants, and each of them, negligently, wantonly, recklessly, tortiously,

13   wrongfully and unlawfully:

14            A.    Designed, processed, constructed, manufactured, assembled, prepared,

15                  selected materials and parts, represented to test and inspect, managed,

16                  maintained, repaired, serviced, sold, advertised, distributed, owned and

17                  operated THIS PRODUCT; and

18            B.    Instructed others regarding THIS PRODUCT and its use, maintenance, care

19                  and operation; and

20            C.    Failed to warn, instruct, advise, educate, and train its users regarding THIS

21                  PRODUCT and its use, maintenance, care and operation; and

22            D.    Conducted themselves with reference to THIS PRODUCT and to plaintiff,

23   so as to cause injury to plaintiff as a result of his riding THIS PRODUCT at Disneyland.

24

25

26

27

28
                                    7
─────────────────────────────────────────
            COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

**PLAINTIFF STEVEN WILSON ALLEGES THIRD CAUSE OF ACTION AGAINST DEFENDANTS THE WALT DISNEY COMPANY, A CORPORATION, WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC., WALT DISNEY PARKS AND RESORTS U.S. INC., (AS THE SUCCESSOR OF WALT DISNEY IMAGINEERING, INC.) AND DOES 1 THROUGH 10 FOR STRICT PRODUCTS LIABILITY:**

30

Plaintiff refers to and incorporates be reference paragraphs 1 through 8, 23 through 26, and 28 as if fully set forth herein.

31

A.    Defendants, and each of them, designed, processed, developed, manufactured, constructed, and assembled THIS PRODUCT, and represented to inspect and test it, and instruct, advise and warn concerning its use, maintenance and repair;

B.    Defendants, and each of them, sold, advertised, leased, licensed, bailed, distributed and franchised THIS PRODUCT, and were in the chain of distribution for THIS PRODUCT;

C.    THIS PRODUCT had defects and was defective;

D.    These defects existed when THIS PRODUCT left the possession of the defendants, and each of them;

E.    Each defect in THIS PRODUCT was a proximate cause of injury to plaintiff.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

**PLAINTIFF CHRISTINA WILSON ALLEGES FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR LOSS OF CONSORTIUM:**

32

Plaintiff Christina Wilson incorporates paragraphs 1 through 31 as if full set forth herein.

33

At all times herein mentioned, plaintiff Steven Wilson and plaintiff Christina Wilson were and are husband and wife.

34

As a proximate result of this incident, plaintiff Steven Wilson has been unable to perform said work, services, duties as a spouse as before and will be unable to perform the same in the future. By reason thereof, this plaintiff Christina Wilson has been deprived and, in the future, will be deprived of the work, services, duties, companionship and consortium of said spouse all to this plaintiff's further damage in such amount as will be proven at the time of trial.

9

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

**PLAINTIFF CHRISTINA WILSON ALLEGES FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

35

This plaintiff incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

36

At all times herein mentioned, plaintiff Christina Wilson was the wife of plaintiff Steven Wilson.

37

This plaintiff:

    A.    Witnessed the accident, injuries and damages to her husband Steven Wilson while within the zone of danger, and personally involved in this accident.

    B.    Received some physical and mental injuries from this incident and as a result of witnessing said injuries and damages.

38

As a proximate thereof, this plaintiff suffered and will continue to suffer damages including, but not limited to, shock and emotional injury and suffering in such amount as will be proven at the time of trial.

10

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

WHEREFORE THE FOLLOWING JUDGMENT AGAINST THE DEFENDANTS AND EACH OF THEM IS PRAYED FOR BY PLAINTIFF STEVEN WILSON IN HIS FIRST, SECOND, AND THIRD CAUSES OF ACTION:

1. Costs of suit;

2. Such other and further relief as this Court deems proper;

3. General damages in an amount within the jurisdiction of the Superior Court, and according to proof;

4. Medical and related expenses according to proof;

5. Loss of earnings and impaired earning capacity according to proof;

6. Prejudgment interest according to proof.

11

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

**WHEREFORE THE FOLLOWING JUDGMENT AGAINST THE DEFENDANTS AND EACH OF THEM IS PRAYED FOR BY PLAINTIFF CHRISTINA WILSON IN HER FOURTH AND FIFTH CAUSES OF ACTION:**

1.  Costs of suit;

2.  Such other and further relief as this Court deems proper;

3.  General damages in an amount within the jurisdiction of the Superior Court, and according to proof; and,

4.  Prejudgment interest according to proof.

12

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*: | **FOR COURT USE ONLY** |
|---|---|
| Barry B. Novack, Esq.    (Bar # 57911)<br>Law Offices of Barry Novack<br>8383 Wilshire Blvd., Suite 830<br>Beverly Hills, CA 90211 | |

TELEPHONE NO.: (323) 852-1030        FAX NO.: (323) 852-9855
ATTORNEY FOR *(name)*: Steven Wilson and Christina Wilson, Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 1 8 2013

JOHN A. CLARKE, CLERK

BY AMBER HAYES, DEPUTY

CASE NAME:
  Steven Wilson, et al. v. The Walt Disney Co., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC503192<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [X] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify)*: FIVE (5)

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 18, 2013

Barry B. Novack, Esq.
          (TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

-19-

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                         **CIVIL CASE COVER SHEET**                         Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: Steven Wilson, et al. v. The Walt Disney Co., et al. | CASE NUMBER: B C 5 0 3 1 9 2 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ____ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., ②, 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Steven Wilson, et al. v. The Walt Disney Co., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Steven Wilson, et al. v. The Walt Disney Co., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 3 of 4

| SHORT TITLE: Steven Wilson, et al. v. The Walt Disney Co., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: CCP Section 395–Accident and injury occurred outside of L.A. County. Defendants Walt Disney Company, A Corporation and Walt Disney Imagineering Research & Development, Inc. reside in L.A. County.  See LASC Rule 2.3(a)1(B) |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Anaheim | STATE: CA |  ZIP CODE: 92802 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Downtown Los Angeles courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 18, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)        **CIVIL CASE COVER SHEET ADDENDUM**        Local Rule 2.0
LASC Approved 03-04                **AND STATEMENT OF LOCATION**                 Page 4 of 4

-24-

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

In re Personal Injury Cases Assigned to
Departments 91, 92 and 93

)
)
)
)
)
)

Case No.:    B C 5 0 3 1 9 2

GENERAL ORDER

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and

the Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

1.     Plaintiff(s) is/are ordered to serve a copy of this General Order and the General Order

- Final Status Conference on the Defendant(s) with copies of the summons and complaint and

to file proof of service, as mandated in this order. (Code Civ. Proc., § 594, subd. (b).)

2.     The Court sets the following dates in this action, each in Department _____ at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

<u>**FINAL STATUS CONFERENCE:**</u>         *GAL*

* **Date:** _9/4/2014_ at 10:00 a.m.

<u>**TRIAL DATE:**</u>

* **Date:** _9/18/2014_ at 8:30 a.m.   *GAL*

<u>**OSC re DISMISSAL (Code Civ. Proc., § 583.210) DATE:**</u>   *GAL*

* **Date:** _3/18/2016_ at 8:30 a.m.

(Cal. Rules of Court, rules 3.714(b)(3) & 3.729).

0113943

**SERVICE OF SUMMONS AND COMPLAINT**

3.    The summons and complaint shall be served upon a defendant within <u>three (3) years</u> after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)  Failure to comply may result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).)  The Court has scheduled an OSC re Dismissal regarding the dismissal of any unserved party for the date and time set forth above.

4.    The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint.  The trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

**NO CASE MANAGEMENT CONFERENCE**

5.    No case management conference will be conducted in a Personal Injury case.

**LAW AND MOTION**

**Courtesy Copies Required**

6.    Parties are required to submit courtesy copies of each filed document at least three court dates before the hearing date.  Courtesy copies should be identified and submitted directly to the courtroom.  Original documents should be filed in Room 102 of the Stanley Mosk Courthouse.

**Reservation of Hearing Date**

7.    Motions will require parties to reserve a hearing date by calling the courtroom.  All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

0113944

**Withdrawal of Motion**

8.    Pursuant to California Rules of Court, rule 3.1304(b), the moving party must notify the court if a matter will not be heard on the scheduled date.

**Ex Parte Applications**

9.    Ex parte applications should be noticed for 8:30 a.m.

**Discovery Motions**

10.    To expedite the discovery process, counsel are encouraged to enter into a "Stipulation – Discovery Resolution." The "Stipulation – Discovery Resolution" form is available on-line at www.lasuperiorcourt.org, at "Tools for Litigators - Voluntary Efficient Litigation Stipulations."

11.    No discovery motion, other than a motion to compel where there has been no response, shall be filed or heard unless the moving party contacts the courtroom to schedule an informal discovery conference.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

12.    Parties seeking to transfer from a Personal Injury Department to an Independent Calendar Department shall properly file and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court."

13.    An opposition should be filed in Room 102 of the Stanley Mosk Courthouse, using the same form, and served within five (5) days of the filing and service of the Request for Transfer.

14.    Unless otherwise ordered, no hearing date will be set in these matters.

15.    The court will not transfer a case to an Independent Calendar Department upon stipulation alone.

0113945

**STIPULATIONS**

16.     The court will continue a trial date, or the hearing of any motion or demurrer, when all attorneys of record and/or parties who have appeared in the action stipulate in writing to such continuance.   The stipulation should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees on or before 5 days before the hearing date or trial. (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

**GENERAL ORDER – FINAL STATUS CONFERENCE**

17.     Parties shall comply with the requirements set forth in the Personal Injury Departments "General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

18.     The jury fee shall be due no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

**SANCTIONS**

19.     Violation of this order may result in the imposition of sanctions as authorized by law. (Code Civ. Proc. §§ 128.7, 187 and Gov. Code, § 68608, sub. (b).)

Dated: _March 18, 2013_                    By: _____
                                               Judge of the Superior Court

0113946

---

**GENERAL ORDER – FINAL STATUS CONFERENCE
PERSONAL INJURY DEPARTMENTS
LOS ANGELES SUPERIOR COURT**

---

The date for Trial having been set in this matter, the COURT ORDERS AS FOLLOWS:

**1.    MEET AND CONFER**

In preparation for the Final Status Conference, the parties shall meet and confer and
jointly prepare the Trial Readiness Documents to be filed and lodged with the court.
The parties shall also work to reach stipulations to ultimate facts, legal issues, motions
in limine and the authenticity/admissibility of exhibits.

**2.    EXHIBIT BINDERS**

The parties shall jointly prepare, and lodge at the Final Status Conference, three sets of
tabbed, internally paginated and properly marked exhibits, organized numerically in
three-ring binders (a set for the court, the Judicial Assistant and the witnesses). The
parties shall mark non-documentary exhibits and insert a simple written description of
the exhibit behind the corresponding numerical tab in the exhibit binder.

**3.    TRIAL READINESS DOCUMENTS**

At least 5 calendar days prior to the Final Status Conference, the parties shall serve and
file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness
Documents:

**A.    TRIAL BRIEFS**

Each party shall file a trial brief succinctly identifying:
    (1) the claims and defenses subject to litigation;
    (2) the major legal issues (with supporting points and authorities);
    (3) the relief claimed and calculation of damages sought; and
    (4) any other information that may assist the court at trial.

**B.    MOTIONS IN LIMINE**

Before filing motions in limine, the parties shall comply with the statutory notice
provisions of Code of Civil Procedure Section 1005 and the requirements of Local Rule
3.57(a). The caption of each motion in limine shall concisely identify the subject of the
motion and designate the specific evidence sought to be precluded.  Parties filing more
than one motion in limine shall number them consecutively.  Parties filing opposition
papers shall identify, in the caption, the number of each motion to which it responds.

1

0113947

### C.    JOINT JURY STATEMENT

For jury trials only, the parties shall file a joint written statement of the case to be read to
the jury. Local Rule 3.25(i)(4).

### D.    JOINT WITNESS LIST

The parties shall file a joint list of all witnesses that each party intends to call, (except for
impeachment or rebuttal witnesses). Local Rule 3.25(i)(5). The joint witness list shall
identify each witness by name, each expert witness, the expected length, in tenths of an
hour, of the direct and cross examination of each witness, and any potential scheduling
problems or special requirements.  Any party who seeks to elicit testimony from a
witness not identified on the joint witness list will have to make a showing of good
cause.

### E.    JOINT EXHIBIT LIST

The parties shall prepare and file a joint exhibit list that includes columns identifying
each exhibit offered without objection or specifying each party's evidentiary objections
to its admission. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet
and confer in an effort to resolve objections to the admissibility of each exhibit.

### F.    JOINT JURY INSTRUCTIONS

The parties shall prepare and file a complete set of full-text proposed jury instructions,
editing CACI instructions to remove blanks and irrelevant material. The parties shall
prepare special instructions in a format suitable for submission to the jury (placing
citations of authority and the identity of the requesting party above the text pursuant to
Local Rules 3.170 and 3.171).

### G.    JOINT VERDICT FORM

The parties shall prepare and jointly file a proposed general or special verdict form with
interrogatories. If the parties cannot agree on a joint verdict form, each party must
separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

### 4.    TRIAL READINESS BINDER

The parties shall jointly prepare and lodge, at the Final Status Conference, one set of
tabbed 3-ring binders containing copies of the parties' Trial Readiness Documents. The
parties shall organize motions in limine behind tabs identifying the moving, opposition
and reply papers to each motion.  The parties shall organize proposed jury instructions
behind tabs separating (A) the parties' jointly approved jury instructions; (B) the
proposed instructions that have elicited an objection; (C) any proposed special
instructions; and (D) any agreed-upon special verdict form, or the competing proposed
special verdict forms.

2

0113948

**5.    COMPLIANCE**

The court has discretion to impose SANCTIONS for any party's failure, without good
cause, to timely submit any item required in this order. The court's SANCTIONS may
include monetary sanctions, exclusion of evidence, issue preclusion, denial of a claim or
defense, dismissal and/or default.

Dated: March 18, 2013

_____
Judge of the Superior Court

3

0113949

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

0113950

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

0113951

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      <u>(INSERT DATE)</u>                                    <u>(INSERT DATE)</u>
      complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤          _____
     (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

LACIV 229 (new)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

0113952

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

0113953

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

0113954

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR PLAINTIFF)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR_____)

➢ _____
    (ATTORNEY FOR_____)

➢ _____
    (ATTORNEY FOR_____)

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

0113955

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                     **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11          (pursuant to the Discovery Resolution Stipulation of the parties)

0113956

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 1 of 2

0113957

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____          _____
                                                                                        JUDICIAL OFFICER

0113958

-40-

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Barry B. Novack, Esq.    (Bar # 57911)
Law Offices of Barry Novack
8383 Wilshire Blvd., Suite 830
Beverly Hills, CA 90211
  TELEPHONE NO.: (323) 852-1030    FAX NO. *(Optional):* (323) 852-9855
  E-MAIL ADDRESS *(Optional):* novack@novacklaw.com
  ATTORNEY FOR *(Name):* Steven Wilson and Christina Wilson

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 18 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS: 111 N. Hill St.
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Steven Wilson, et al.

DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al.

| CASE NUMBER: BC503192 |
|---|
| JUDICIAL OFFICER: |

**NOTICE OF RELATED CASE**

| DEPT.: |
|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Steven Wilson and Christina Wilson v. The Walt Disney Company, a Corporation, et al.

   b.  Case number: BC 481069

   c.  Court:  [X] same as above

        [ ] other state or federal court *(name and address):*

   d.  Department:

   e.  Case type:  [ ] limited civil  [X] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

   f.  Filing date:  March 21, 2012

   g.  Has this case been designated or determined as "complex?"  [ ] Yes  [X] No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

        [X] involves the same parties and is based on the same or similar claims.

        [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of
            the same or substantially identical questions of law or fact.

        [ ] involves claims against, title to, possession of, or damages to the same property.

        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

             [ ] Additional explanation is attached in attachment 1h

   i.  Status of case:

        [ ] pending

        [X] dismissed  [ ] with  [X] without prejudice

        [ ] disposed of by judgment

2.  a.  Title:

   b.  Case number:

   c.  Court:  [ ] same as above

        [ ] other state or federal court *(name and address):*

   d.  Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

0114010

CM-015

| PLAINTIFF/PETITIONER: Steven Wilson, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed  ☐ with  ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed  ☐ with  ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 18, 2013

Barry B. Novack, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

*LexisNexis® Automated California Judicial Council Forms*

0114011

CM-015

| PLAINTIFF/PETITIONER: Steven Wilson, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al. | |

**PROOF OF SERVICE BY FIRST-CLASS MAIL**
**NOTICE OF RELATED CASE**

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:                      c. Name of person served:

      Street address:                                Street address:
      City:                                          City:
      State and zip code:                            State and zip code:

   b. Name of person served:                      d. Name of person served:

      Street address:                                Street address:
      City:                                          City:
      State and zip code:                            State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                        (SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]          **NOTICE OF RELATED CASE**          Page 3 of 3
*LexisNexis® Automated California Judicial Council Forms*

0114012

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Barry B. Novack, Esq.    (Bar # 57911)<br>Law Offices of Barry Novack<br>8383 Wilshire Blvd., Suite 830<br>Beverly Hills, CA 90211 | |

TELEPHONE NO.: (323) 852-1030          FAX NO. *(Optional)*: (323) 852-9855

E-MAIL ADDRESS *(Optional)*: novack@novacklaw.com

ATTORNEY FOR *(Name)*: Steven Wilson and Christina Wilson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS: 111 N. Hill St.

CITY AND ZIP CODE: Los Angeles  90012

BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Steven Wilson, et al.

DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 503192 |
|---|---|

TO *(insert name of party being served)*: The Walt Disney Company, a Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 21, 2013

Barry B. Novack, Esq.

(TYPE OR PRINT NAME)                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒  A copy of the summons and of the complaint.
2. ☒  Other *(specify)*:

Summons; Complaint; Notice of Related Case; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; General Order; General Order--Final Status Conference; and Voluntary Efficient Litigation Stipulations.

*(To be completed by recipient):*

Date this form is signed: 4/10/2013

Lisa M. Martinez

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

0114939

-44-

EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Barry B. Novack, Esq.    (Bar # 57911)<br>Law Offices of Barry Novack<br>8383 Wilshire Blvd., Suite 830<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (323) 852-1030    FAX NO. *(Optional)*: (323) 852-9855<br>E-MAIL ADDRESS *(Optional)*: novack@novacklaw.com<br>ATTORNEY FOR *(Name)*: Steven Wilson and Christina Wilson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Steven Wilson, et al.

DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 503192 |
|---|---|

TO *(insert name of party being served)*: Walt Disney Imagineering Research & Development, Inc.

---

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 21, 2013

Barry B. Novack, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   Summons; Complaint; Notice of Related Case; Civil Case Cover Sheet; Civil Case Cover Sheet
   Addendum and Statement of Location; Notice of Case Assignment; General Order; General
   Order--Final Status Conference; and Voluntary Efficient Litigation Stipulations.

*(To be completed by recipient):*

Date this form is signed: 4/10/2013

Elsa M. Martino
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

0114938

EXHIBIT D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Barry B. Novack, Esq.   (Bar # 57911)<br>Law Offices of Barry Novack<br>8383 Wilshire Blvd., Suite 830<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (323) 852-1030     FAX NO. *(Optional):* (323) 852-9855<br>E-MAIL ADDRESS *(Optional):* novack@novacklaw.com<br>ATTORNEY FOR *(Name):* Steven Wilson and Christina Wilson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles  90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Steven Wilson, et al.

DEFENDANT/RESPONDENT: The Walt Disney Company, a Corporation, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 503192 |
|---|---|

TO *(insert name of party being served):* Walt Disney Parks and Resorts U.S., Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 21, 2013

Barry B. Novack, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

   Summons; Complaint; Notice of Related Case; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; General Order; General Order--Final Status Conference; and Voluntary Efficient Litigation Stipulations.

*(To be completed by recipient):*

Date this form is signed: 4/10/2013

Elisa M. Marthin
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

0114940

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Boulevard, Suite 300, Newport Beach, CA 92660.

On May 10, 2013, I served, in the manner indicated below, the foregoing document described **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a) AND 1441(a) (DIVERSITY JURISDICTION)** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Newport Beach, addressed as follows:

**\*\* See Attached Service List \*\***

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☐ BY FACSIMILE: (F.R.C.P. 5(b)(2)(F)

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees(F.R.C.P. 5(b)(2)(F).

☐ BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 10, 2013, at Newport Beach, California.



Katryn F. Smith

- 1 -

PROOF OF SERVICE

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1

**SERVICE LIST**

2   Barry Novack                               Attorneys For Plaintiffs
The Law offices of Barry Novak
3   8383 Wilshire Blvd., Suite 830          (323) 852.1030
Beverly Hills, CA 90211-2407

4

Steven M. Bernstein, Esq.              Attorneys For Plaintiffs
5   Law Offices of Steven M. Bernstein, APC
38 Corporate Park                 (949) 250-1110
6   Irvine, CA 92606

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**PROOF OF SERVICE**

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 3388 JAK (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STEVEN WILSON AND CHRISTINA WILSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Walt Disney Parks and Resorts U.S., Inc.; The Walt Disney Company; and Walt Disney Imagineering Research & Development, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Barry Novack, 8383 Wilshire Blvd., Suite 830, Beverly Hills, Ca. 90211; T. 323)852-1030
Steven M. Bernstein, 38 Corporate Park, Irvine, CA 92606; T. 949) 250-1110

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gary A. Wolensky; Janet Hickson; Patrick Ball
HEWITT WOLENSKY LLP,
4041 MacArthur Blvd., Suite 300, Newport Beach, CA 92660
Telephone: (949) 783-5050; Facsimile: (949) 783-5051

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Damages for Personal Injuries - Negligence; Product Negligence; Strict Products Liability; Loss of Consortium; Negligent Infliction of Emotional Distress;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   **CV13-03388**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐  A. Arise from the same or closely related transactions, happenings, or events; or

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Steven Wilson, Orange<br>Christina Wilson, Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The Walt Disney Company, Los Angeles<br>Walt Disney Imagineering Research & Development, Inc., Los Angeles<br>Disney Enterprises, Inc., Los Angeles | Walt Disney Parks and Resorts U.S., Inc., Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_    DATE: 5/10/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |