Gary A. Wolensky (#154041)
gwolensky@hewittwolensky.com
Janet L. Hickson (#198849)
jhickson@hewittwolensky.com
Patrick R. Ball (#249844)
pball@hewittwolensky.com
HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, CA 92660
Telephone: (949) 783-5050
Facsimile: (949) 783-5051

Attorneys for Defendants
Walt Disney Parks and Resorts U.S., Inc.; The Walt
Disney Company; and Walt Disney Imagineering
Research & Development, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILSON and CHRISTINA WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, A CORPORATION; WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC.; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEY ENTERPRISES, INC.; DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, DOE 6 and DOES 7 through 50,<br><br>Defendants. | CASE NO.: 13-CV-03388-JAK-(SH)<br><br>(ORIGINALLY FILED IN LOS ANGELES SUPERIOR COURT, CASE NO. BC503192)<br><br>**[DISCOVERY MATTER]**<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALLY AGREEMENT**<br><br>**[Fed. P. Civ. P. 26(c)]**<br><br>CTRM: 750<br>JUDGE: JOHN A. KRONSTADT<br>MAGISTRATE: STEPHEN J. HILLMAN<br><br>DATE OF FILING: MARCH 18, 2013<br>TRIAL DATE: APRIL 29, 2014 |

Defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), The Walt Disney Company ("TWDC") and Walt Disney Imagineering Research & Development, Inc. ("R&D") (hereinafter "Defendants") and Plaintiffs Steven Wilson and Christina Wilson (hereinafter "Plaintiffs") (collectively the "Parties," individually a "Party"), through their respective counsel of record, have agreed that

certain documents and information to be produced during discovery in this case should be kept confidential in order to protect the legitimate business interests of WDPR and its customers, business partners, and other non-parties and have hereby stipulated and agreed, subject to Court approval, to the entry of the Protective Order below pursuant to Fed. R. Civ. P. 26(c).

**Good Cause Statement**

During the course of this litigation, the Parties anticipate that discovery will require WDPR to produce documents that are <u>not</u> publicly available and <u>not</u> available through publicly reachable sources, and/or that WDPR contends contain confidential, proprietary and/or trade secret information (such documents shall be referred to as "Confidential Documents and Information" or "Confidential Material" hereinafter in this Stipulation). Such business documents may contain information that WDPR contends is subject to the personal right of privacy of individuals such as social security numbers, medical information, personal telephone numbers and home addresses, and confidential information relating to alleged or reported personal injury incidents. WDPR also contends that such documents contain proprietary and trade secret information related to the Splash Mountain Attraction ("the Attraction") at Disneyland's theme park in Anaheim, California, including but not limited to proprietary design and testing documents, operating guidelines and training guidelines. The Parties believe that the public disclosure of WDPR's trade secrets and other confidential and proprietary information would cause great competitive harm, including financial harm to WDPR and seek to prevent the unauthorized disclosure and use of this confidential information during and after the course of this litigation.

The terms that the Parties have agreed to for the protection of confidential and proprietary information, and that the Parties request that the Court adopt in the form of an Order, are as follows:

**STIPULATED PROTECTIVE ORDER**

1. Any Party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing Party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any Party to this litigation or any third party covered by this Order, who produces or discloses any Confidential Documents and Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2. All Confidential Material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the Parties, or by Order of the Court.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the Parties'

outside law firms) and relevant in-house counsel for the Parties;

b.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.    The Court and court personnel;

e.    Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing Party consents to such disclosure;

f.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.    In the case of Parties that are corporations or other business entities, "Party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4.    Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

**STIPULATED PROTECTIVE ORDER**

5. With respect to any depositions that involve a disclosure of Confidential Material of a Party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f) and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. To the extent that a Party's response to an interrogatory contains Confidential Material, those responses that include Confidential Material shall be contained on pages separate and apart from responses to other interrogatories that do not contain Confidential Material, and only those pages and responses that contain Confidential Material shall be stamped as Confidential according to this Protective Order.  Interrogatory responses that do not contain Confidential Material shall not be subject to this Protective Order.

7. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. A Party may make a good faith challenge to a confidentiality designation within sixty (60) days of receipt of the document.  Any Party wishing to challenge the Confidential designation assigned by another Party or other person with respect to any material shall give

- 5 -   **STIPULATED PROTECTIVE ORDER**

written notice of such objection to counsel for the designating party. The Parties shall then attempt to resolve such dispute in good faith on an informal basis, and pursuant to Local Rules 37-1 and 37-2, including the requirement that the Parties file a Joint Stipulation concerning the matters in dispute.  In the event any objection to the designation is not first resolved by agreement of counsel, it shall be the burden of the Party challenging the Confidential designation to file the appropriate motion with the Court after counsel confer in good faith. Any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.  Upon the filing of such a motion, the burden rests upon the Party or person designating Confidential Material to demonstrate the propriety of such designation.  Until the parties or the Court resolves a challenge to the designation of Confidential Material, the original designation shall remain in full force and effect. All challenges to the propriety of a confidential designation must be made prior to sixty (60) days before trial.  If a Confidential document is produced within sixty (60) days before trial then the challenging party must challenge the designation immediately and not more than ten (10) days after the material is produced.

8. All requests to seal documents filed with the Court shall comply with Local Civil Rule 79-5.

9. If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential Documents and Information, it may do so only after giving notice to the producing Party and taking up the matter with the judicial officer conducting the proceedings at the appropriate time.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated

- 6 -

**STIPULATED PROTECTIVE ORDER**

as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Stipulated Protective Order and Confidentiality Agreement.

13. This Stipulated Protective Order and Confidentiality Agreement shall not deprive any Party of its right to object to discovery by any other Party or on any

- 7 -   **STIPULATED PROTECTIVE ORDER**

otherwise permitted ground. This Stipulated Protective Order and Confidentiality Agreement is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms. No modification by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

14. This Stipulated Protective Order and Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the Parties filed with and ordered by the Court.

15. Within thirty (30) days of the final resolution of this litigation, whether by trial, appeal, settlement or otherwise, each Party or other individual subject to the terms hereof shall be under an obligation to destroy all originals and copies of documents and things containing Confidential material, as well as all copies of excerpts, summaries and digests revealing Confidential Material. In addition, and also within thirty (30) days of the final conclusion of this litigation, each party or other individual subject to the terms hereof, including all outside counsel for the parties, shall be under an obligation to: 1) confirm in writing that all Confidential Material has been destroyed, and 2) return to WDPR all of the previously signed attestation forms prepared pursuant to Paragraph 3 of this Stipulated Protective Order and Confidentiality Agreement. To the extent a Party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals there from and all related proceedings, the Party shall file a motion seeking such relief.

16. Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

## STIPULATION

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order and Confidentiality Agreement may be entered in this action.

Dated: September 23, 2013          Hewitt Wolensky McNulty & Hickson LLP

By:*//s//Janet L. Hickson*
   Gary A. Wolensky
   Janet L. Hickson
   Patrick R. Ball
   Attorneys for Defendants Walt Disney
   Parks and Resorts U.S., Inc.; The Walt
   Disney Company; and Walt Disney
   Imagineering Research & Development,
   Inc.

Dated: September 23, 2013          The Law Offices of Barry Novack

By:*//s//Barry Novack*
   Barry Novack
   Attorneys for Plaintiffs
   Steven Wilson and Christina Wilson

Dated: September 23, 2013          The Law Offices of Steven Bernstein

By:*//s//Steven Bernstein*
   Steven Bernstein
   Attorneys for Plaintiffs
   Steven Wilson and Christina Wilson

**ORDER**

Having read and considered the Parties [Proposed] Stipulated Protective Order and Confidentiality Agreement, the Court finds that good cause exists for the entry of this Stipulated Order in the above-captioned matter.

SO ORDERED, this 24, day of September, 2013

_____
Hon. Stephen J. Hillman
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILSON and CHRISTINA WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, A CORPORATION; WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC.; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEY ENTERPRISES, INC.; DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, DOE 6 and DOES 7 through 50,<br><br>Defendant(s). | CASE NO.: 13-CV-03388-JAK-(SH)<br><br>(ORIGINALLY FILED IN LOS ANGELES SUPERIOR COURT, CASE NO. BC503192)<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER AND CONFIDENTIALLY AGREEMENT**<br><br>**[DISCOVERY MATTER]**<br><br>CTRM: 750<br>JUDGE: JOHN A. KRONSTADT<br>MAGISTRATE: STEPHEN J. HILLMAN<br><br>DATE OF FILING: MARCH 18, 2013<br>TRIAL DATE: N/A |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Stipulated

Protective Order and Confidentiality Agreement in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order and Confidentiality Agreement. I understand and agree that I am personally bound by and subject to all the terms and provisions of the Stipulated Protective Order and Confidentiality Agreement.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order and Confidentiality Agreement any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will destroy all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Boulevard, Suite 300, Newport Beach, CA 92660.

On September __, 2013, I served, in the manner indicated below, the foregoing document described **[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALLY AGREEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Newport Beach, addressed as follows:

** See Attached Service List **

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☐ BY FACSIMILE: (F.R.C.P. 5(b)(2)(F)

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees(F.R.C.P. 5(b)(2)(F).

☒ BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September __, 2013, at Newport Beach, California.

_____
Katryn F. Smith

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

- 1 -

PROOF OF SERVICE

1 **SERVICE LIST**

2 Barry Novack  Attorneys For Plaintiffs
The Law offices of Barry Novak
3 8383 Wilshire Blvd., Suite 830  (323) 852.1030
Beverly Hills, CA 90211-2407

4

Steven M. Bernstein, Esq.  Attorneys For Plaintiffs
5 Law Offices of Steven M. Bernstein, APC
38 Corporate Park  (949) 250-1110
6 Irvine, CA 92606

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

- 2 -   PROOF OF SERVICE